UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANNETTE L. SMITH, | ) | Case No. EDCV 04-1246-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On October 14, 2004, Annette L. Smith ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability and supplemental security income benefits. On November 12, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on April 19, 2005, defendant filed an Answer to Complaint. On October 17, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

**BACKGROUND**

On April 28, 2003, plaintiff filed an application for supplemental security income benefits. (Administrative Record ["AR"] at 60-66). Prior to the instant application, plaintiff filed two prior requests for benefits on September 6, 1995 and January 11, 2002, both of which were denied. (AR at 10). In the instant case, plaintiff alleged that beginning on April 19, 2003, she was unable to work because she suffered from "severe impairment of the lower extremity," blood clots, and deep vein thrombosis. (AR at 69). The Commissioner denied plaintiff's application for benefits both initially and on review. (AR at 33-36, 44-46).

On August 27, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 44). On July 15, 2004, the ALJ conducted a hearing in San Bernardino, California. (AR at 143-64). Plaintiff appeared with her counsel and testified. (AR at 145-61). Stephen Berry, a vocational expert, also appeared and testified. (AR at 161-63).

On July 30, 2004, the ALJ issued his decision denying benefits. (AR at 10-15). In his decision, the ALJ concluded that plaintiff suffered from a severe impairment of a non-displaced fracture of the right leg, but this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 14). The ALJ determined that plaintiff was able to perform her past relevant work as a teacher's aide, in addition to the jobs of an order clerk, call out operator, and charge account clerk. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security

Act.   (AR at 15).

On August 17, 2004, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision.   (AR at 6).   The Appeals Council subsequently affirmed the ALJ's decision.   (AR at 3-5).

**PLAINTIFF'S CLAIMS**

Plaintiff makes the following claims in the Joint Stipulation:

1.   The ALJ failed to obtain testimony from a vocational expert.

2.   The ALJ improperly rejected the testimony of plaintiff's mother.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.   DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).   Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.   This Court must review the record as a whole and consider adverse as well as supporting evidence.   Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).   Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

1  upheld.   <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

2

3                              **DISCUSSION**

4  **A.   THE ALJ'S EVALUATION OF THE VOCATIONAL EVIDENCE**

5        Plaintiff claims that the ALJ failed to properly consider the

6  vocational evidence.  First, plaintiff contends that the ALJ failed to

7  define plaintiff's past relevant work when he determined that she was

8  unable to perform it.  Second, plaintiff claims that the ALJ failed to

9  take testimony from a vocational expert regarding plaintiff's

10 nonexertional limitations, her need to elevate her leg periodically,

11 and her claims of significant pain.

12        1.   <u>**Plaintiff's Past Relevant Work**</u>

13        Plaintiff contends that the ALJ erred by "fail[ing] to define

14 Plaintiff's [past relevant] work."  (Joint Stipulation at 3).   In

15 support of this alleged failure by the ALJ, plaintiff cites to page 27

16 of the Administrative Record.  That page, however, refers to the ALJ's

17 decision in plaintiff's prior claim for benefits and is not relevant

18 to the instant case.  The ALJ's decision in the instant case clearly

19 discusses plaintiff's past relevant work.   The ALJ wrote, "[t]he

20 evidence in this case establishes that the claimant has past relevant

21 work as a teacher's aide, cook and teacher."  (AR at 14).   Thus,

22 plaintiff's claim lacks merit.

23        2.   <u>**Failure to Call a Vocational Expert**</u>

24        Plaintiff also claims that the ALJ failed to take testimony from

25 a vocational expert regarding plaintiff's nonexertional limitations,

26 her need to elevate her leg periodically, and her claims of

27 significant pain.  At the hearing, a vocational expert, Mr. Berry,

28

                                   4

testified regarding plaintiff's functional capacity.  (AR at 161-63).
The ALJ posed the following hypothetical to Mr. Berry:

> [L]et's suppose there's an individual the Claimant's
> age of 48 years, has a high school education, and who
> is limited to sedentary work.  And also would have to
> wear pressure hose at work, would have to sit with
> feet elevated on a stool, and very occasionally and
> infrequently might have to use crutches.  Would have
> to get up and stretch every 20 to 30 minutes.
> Couldn't be exposed to any hazard where she might get
> bad bruising or cuts.  With those limitations, could
> someone perform any of the Claimant's prior work?

(AR at 161-62).  Mr. Berry opined that such a hypothetical individual
could not perform her past work.  (Id.).  But Mr. Berry testified that
plaintiff could alternatively work as a order clerk, call out
operator, and charge account clerk, which were sedentary, unskilled
jobs.  (Id.).  When the ALJ changed the hypothetical to a situation
where the hypothetical individual could occasionally lift 20 pounds,
frequently lift ten pounds, sit half the time, and be on his or her
feet half the time, Mr. Berry testified that the hypothetical
individual could work as a teacher's aide and a child monitor, in
addition to an order clerk, call out operator, and charge account
clerk.  (AR at 162-63).  The ALJ subsequently adopted the vocational
expert's opinion with respect to the second hypothetical.

Plaintiff claims that the ALJ erred in failing to take vocational
expert testimony regarding plaintiff's nonexertional limitations.  The
hypothetical posed to the vocational expert presented an individual

with a high school education who was limited to sedentary work. (AR at 161-62). Plaintiff did not assert any nonexertional limitations at the hearing and none were included in the hypothetical. Indeed, her application for benefits and her testimony at the hearing referenced her physical impairments only and did not include nonexertional impairments. (AR at 69, 87, 89, 149-56). Furthermore, John Meek, M.D., a State Agency physician, assessed no communicative limitations on plaintiff when evaluating her residual functional capacity. (AR at 111). Finally, plaintiff does not specify the nonexertional limitations that she alleges the ALJ should have included in the Joint Stipulation. As such, the Court finds that the ALJ committed no error with respect to plaintiff's alleged nonexertional limitations.

Plaintiff also claims that the ALJ failed to take testimony from the vocational expert regarding plaintiff's need to elevate her leg periodically. At the hearing, plaintiff testified that she is able to stay on her feet for five to ten minutes and then her feet ache and she has to lie down and elevate them. (AR at 150). At the hearing, however, the ALJ posed a hypothetical to the vocational expert whereby plaintiff would need to sit with her feet elevated on a stool. (AR at 161). The vocational expert testified that plaintiff could still find employment with this limitation. (AR at 162). Thus, the ALJ did consider plaintiff's need to elevate her feet to relieve the pain.

Finally, plaintiff contends that the ALJ failed to take vocational testimony regarding plaintiff's claims of significant pain. In order for a vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews v. Shalala, 53 F.3d 1035, 1044 (9th

Cir. 1995).  While the ALJ need not include every alleged impairment in his hypothetical, he must make specific findings explaining his rationale for disbelieving any subjective complaints that are not included.  <u>Copeland v. Bowen</u>, 861 F.2d 536, 540 (9th Cir. 1988); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ identified at least three reasons why he rejected plaintiff's complaints concerning the severity of her pain.  The ALJ noted that plaintiff's treatment had been minimal and she responded well to medication.  (AR at 13).  Additionally, plaintiff's daily activities involving the care of her two year-old nephew suggested that plaintiff was not as limited by debilitating pain as her complaints suggested.  (<u>Id.</u>).  These factors, the ALJ found, warranted a less restrictive functional capacity.  Because he made specific findings supporting his opinion, the ALJ did not err when he posed a hypothetical to the vocational expert that incorporated a lesser degree of pain than alleged by plaintiff.  Overall, the Court finds that the ALJ did not err in his review of the vocational evidence.

**B.  TESTIMONY OF PLAINTIFF'S MOTHER**

Plaintiff alleges that the ALJ improperly rejected the testimony of plaintiff's mother.  Plaintiff cites to the ALJ's April 18, 2003 decision in a prior case in support of her contention.  As noted by defendant, plaintiff's mother did not testify in the instant case, nor has plaintiff offered any recent testimony in support of her instant application.  (AR at 143).  As such, the ALJ properly did not include testimony from plaintiff's mother.

1
**ORDER**

2       After  careful  consideration  of  all  documents  filed  in  this

3  matter, this Court finds that the decision of the Commissioner is

4  supported by substantial evidence and the Commissioner applied the

5  proper legal standards.  The Court, therefore, AFFIRMS the decision of

6  the Commissioner of Social Security Administration.

7       **LET JUDGMENT BE ENTERED ACCORDINGLY**

8

9  DATED: February 21, 2006              _____/s/_____

10                                        JENNIFER T. LUM
                                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28